McFarland v. Stanton Manufacturing Co.

WILLIAM McFARLAND et al., appellants,

*v.*

THE STANTON MANUFACTURING COMPANY, respondent.

1. To constitute a valid sale at law, the vendor must have a present property, either actual or potential, in the thing sold; the rule in equity is different, the equity in the assignee or vendee attaches to the contemplated thing the instant it comes into being.

2. In equity the assignment of future improvements upon a formula, or on a patented process, in connection with the assignment of the formula or patent, is valid.

On appeal from an order advised by Vice-Chancellor Bird, whose opinion is reported in *Stanton Manufacturing Co. v. McFarland, 7 Dick. Ch. Rep. 85.*

*Messrs. Buchanan & Rellstab,* for the appellants.

*Messrs. Lowthorp & Oliphant,* for the respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

The bill in this case was filed by the Stanton Manufacturing Company to compel McFarland to convey to complainant company a patent granted to him as assignee of E. W. Stanton, the

complainant claiming it under an assignment prior to that to McFarland.

By an assignment in writing dated December 1st, 1891, Stanton assigned to the said company

"all rights and formulas which I had or may have pertaining to or about the combination or article known as 'Stanton's Naptha Soap,' and the making, mixture and combination thereof, and any and all parts thereof, including all letters-patent of the United States now granted or applied for, for the same, or that may hereafter be applied for, including any and all improvements for or about the same or pertaining to the art of 'naptha soap making.'"

The company soon after the date of this assignment commenced the manufacture of soap under this formula.

On October 31st, 1893, Stanton filed an application for an improvement in his patent or for a patent for an additional discovery, and in May, 1893, a patent was granted to him, which he assigned to McFarland.

The assignment to the company was not recorded when McFarland took the assignment in 1893, but I think that the testimony of Woodruff and of Fels, and the testimony of McFarland himself, show that he had notice of the previous assignment to the company.

The conclusion of the vice-chancellor on this point is supported by the evidence.

Conceding this, the case turns upon the question whether the company, under the contract before set forth, is entitled to an assignment of the patent held by McFarland.

It is common learning in the law that to constitute a valid sale, the vendor must have a present property, either actual or potential, in the thing sold. *Looker* v. *Peckwell, 9 Vr. 253.*

The rule as to the equitable title to contingent interests and expectations, and to things not *in esse,* is different; the equitable title to things not in actual or potential existence, may pass by assignment, the equity in the assignee attaching to the contemplated thing the instant it comes into being.

This distinction between the rule at law and in equity has been clearly recognized in this state in respect to articles not patented. *Smithhurst* v. *Edmunds, 1 McCart. 409.*

In the federal courts the same doctrine has been applied to patented inventions. Where the owner of a patent assigns it to another, together with all future improvements which he may make on such patent, the equitable title to any improvements thereafter made by the assignor vests in the assignee as soon as the improvement is *in esse*, capable of being identified.

This rule is broadly enunciated by Chief-Justice Waite in *Littlefield* v. *Perry, 21 Wall. 226*, and by Mr. Justice Bradley in *Aspinwall Manufacturing Co.* v. *Gill, 32 Fed. Rep. 697*.

The assignment of future improvements upon a machine, in connection with the assignment of the patent for such machine, is valid.

A naked agreement to assign in gross a man's future labors as an inventor is not good.

But where a man purchases a particular invention, secured by a patent which is open to indefinite improvement, he may stipulate for the sale of future improvements he may make upon it.

The subsequent patent, to be within the terms of the contract, must be an improvement upon the original invention.

It appears in the case that the formula assigned to the complainant company was not patented, but that circumstance does not affect the result under the authority of *Smithhurst* v. *Edmunds, supra.*

The burden of proof, in the first instance, is upon the complainant company to show that the patent claimed is an improvement upon the formula which it held by prior assignment.

The term "improvement" cannot comprehend every future invention of every possible process for making naphtha soap, however different from, and independent of, the first formula.

No evidence was produced before the vice-chancellor to show what the formula held by complainant was, so that a comparison of it could be made with the subsequent patented process.

The only fact before us to relieve the complainant of the burden cast upon him in this respect is the assignment of the patent by Stanton to McFarland on the 25th day of May, 1893. That assignment recites

"that Stanton has invented certain new and useful improvements in the method of an apparatus for producing naphtha soap, for which he has applied for letters-patent, and he thereby assigns and sets over to McFarland the patent to be issued under such application."

This recital and assignment are sufficient to shift the burden of proof from the complainant company to McFarland, to show that the patented process assigned to him is not an improvement on the formula held by complainant, within the legal acceptation of that word.

The patent was applied for by Stanton as an "improvement," and so contracted for and taken by McFarland.

The decree below should be affirmed, with costs.

*For affirmance*—GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS, SMITH, TALMAN—11.

*For reversal*—None.